**WOODDELL v HARDER**

Ohio Appeals, 5th Dist, Licking Co

Decided Nov 29, '1935

## OPINION

By LEMERT, PJ.

In this case the legal question is raised by a petition filed by the defendant in error in the Common Pleas Court of Licking County, Ohio, and the motion filed thereto by the plaintiff in error, both seeking the declaration of the court as to the true construction of paragraph B of §1396, GC.

The cause was heard in the Common Pleas Court on such legal question, no evidence being adduced at the hearing. The same contention is made in this court as was made in the court below, that under the provisions of the paragraph and section above mentioned, the construction and validity of which was involved, the inhibition against any person having in his possession at one time more than five hares or rabbits related to dealers as well as to hunters or any other person. The court below overruled the motion of the plaintiff in error and declared the true construction of said statute to be, in effect, that dealers might have in their possession at one time more than five hares or rabbits in open season, and that the provisions of the statute did not apply to dealers as such.

The exact language of §1396-b GC which provides for the limit or number of animals, etc., reads in part as follows:

"A person may take in one day and have in his possession at one time, not more than five hares or rabbits, except as provided in this section," etc.

It will be noted that the part of the statute just quoted has reference to not only a person taking or killing in one day but also having in possession at one time.

We are of the opinion that this refers to the person who takes or kills and does not refer to the dealer or other persons who may have possession. The reading of the sub-section, including the conjunction, and noting the punctuation, to our mind makes a clear and distinct statement of the intention of the legislature.

Passing to Sub-section C under the same section of the General Code, referring to sales, wherein it says:

"Hares and rabbits may be bought or sold during the open season,"

is a further indication of what the legislature had in mind when this statute was enacted. Any other construction of this statute would seem to us absurd and would defeat the real purpose of the law, and would prevent many people from the pleasure of having served to them rabbit or hare meat, if so narrow a construction is to be placed upon the law. To construe this statute as urged by plaintiff in error, no individual would be permitted to have more than five rabbits in his home or elsewhere to entertain his friends to a rabbit feast, neither would a church, a lodge, or any restaurant, hotel or eating house, be permitted to serve rabbit meat where it would take more than five rabbits.

We are of the opinion that the construction and interpretation given by the court below was and is correct, and the judgment of the Common Pleas Court will be and the same is hereby affirmed. Exceptions may be noted.

MONTGOMERY and SHERICK, JJ, concur.